UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHNNY PINGLETON,

    Petitioner,

v.                                                              Case No. 5:11-cv-654-Oc-30TBS

WARDEN, FCC COLEMAN- USP II,

    Respondents.
_____/

## **ORDER OF DISMISSAL**

Petitioner, *pro se*, initiated this case by filing a Petition pursuant to 28 U.S.C. § 2241. (Doc. 1). The Petitioner is a federal prisoner at the Coleman Federal Correctional Complex, serving a sentence imposed by the United States District Court for the Eastern District of Kentucky..[1]

Petitioner attacks the validity of his sentence rather than the means of its execution. Petitioner was denied relief under 28 U.S.C. § 2255.[2] Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive petition. *See* 28 U.S.C. § 2255. However, under these circumstances, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this one "shall not be entertained if it appears that the applicant has failed to

---

[1] *See United States v. Pingleton*, case no. 6:04-cr-65. Petitioner was convicted of conspiring to manufacture more than 50 grams of methamphetamine and using a minor to commit a drug offense in violation of 21 U.S.C. §§ 846 861(a)(1). He was also convicted of possessing pseudoephedrine for manufacturing methamphetamine in violation of 21 U.S.C. § 841(c)(2). The petitioner's subsequent 408 month sentence of imprisonment was affirmed by the Sixth Circuit on February 6, 2007. *See United States v. Pingleton*, 216 F.App'x 526, 530 (6th Cir. 2007). The Supreme Court then denied the petitioner's petition for writ of certiorari. *See Pingleton v. United States*, 127 S.Ct. 2447 (2007).

[2] *See Petition, pg. 1. See also Pingleton v. United States, case no. 6:08-cv-7015*

apply for relief, by motion, to the court which sentenced him, or that such court denied him relief ..."

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitations or other bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." Id. (*citing Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).

Petitioner has identified no retroactively applicable Supreme Court decision that establishes that Petitioner's offenses of conviction are "nonexistent" within the meaning of *Wofford*. Accordingly, the Petition under 28 U.S.C.§ 2241 (Doc. 1) is **DISMISSED.** The Clerk is directed to dismiss the Petition with prejudice, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Tampa, Florida on January 25, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

2